UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                   Case No. 18-55404

HOSNER HOLDINGS, INC.,                 Chapter 11

         Debtor.                                Judge Thomas J. Tucker
_____/

**ORDER REQUIRING DEBTOR TO AMEND DISCLOSURE STATEMENT**

On March 14, 2019, the Debtor filed a plan and disclosure statement, in a document entitled "Debtor's Combined Plan and Disclosure Statement" (Docket # 43). The Court cannot yet grant preliminary approval of the disclosure statement contained within this document (the "Disclosure Statement"). The Court notes the following problems, which the Debtor must correct.

First, Paragraph 2.2.1 of the Plan on page 13 is internally inconsistent. It states both that there will be "monthly cash payments" to members of Group 2, and that there will "quarterly" payments. It is also unclear what periodic payment amount creditors in this group will receive. The Debtor must amend this paragraph of the Plan to state when the creditors in this group will be paid and the Debtor also must state a dollar amount that each creditor will be paid.

Second, Paragraphs 3.1 and 3.1.2 of the Plan on pages 15 and 16, which concern the treatment of the Class One allowed secured claim of EBT Partners, LLC, contain erroneous references to the "MCA Creditors," which are not being treated in this class. The Debtor must remove all references to the "MCA Creditors" in these paragraphs. The Debtor also must state what property of the Debtor secures the claims of EBT Partners, LLC, and what the value of that collateral is.

Third, there are two paragraphs "3.1.2" in the Plan on page 16. The Debtor must correct this.

Fourth, in Paragraph 3.2 of the Plan on page 16, the Debtor states that Remax has an allowed secured claim and that the claim is secured by the franchise license of the Debtor. The Debtor must state the value of the franchise license, and whether Remax is fully or partially secured.

Fifth, in Paragraph 3.6.2 of the Plan on page 19, the Debtor must change "his" to "her" and "he" to "she" as these pronouns refer to Kimberly Hosner.

Sixth, the Debtor's Liquidation Analysis, Exhibit A to the Disclosure Statement, is inconsistent with the information the Debtor gives in the Plan (*e.g.*, the Liquidation Analysis does not include all of the administrative claims listed in Paragraph 2.1.4 of the Plan on page 13, and does not include the priority tax claims listed in Paragraph 2.2.2 of the Plan on page 14). The Debtor must amend the Liquidation Analysis so that it is consistent with the information in the Plan. And the Debtor must provide greater detail regarding the Debtor's assets and their liquidation value.

Seventh, the Debtor must correct the following apparent typographical errors:

- In Paragraph 2.2 of the Plan on page 13, the Debtor must change "titled" to "entitled."

- In Paragraph 3.3 of the Plan on page 17, the Debtor must delete "is" from the last sentence, which contains "is was."

- In Paragraph 3.5 of the Plan on page 18, the Debtor must change "Class Four" to "Class Five."

- On page 33 of the Disclosure Statement, the Debtor much change "at amuch" to "at a much" and must state that "Ms. Hosner will receive compensation from the

2

18-55404-tjt    Doc 45    Filed 03/19/19    Entered 03/19/19 16:56:39    Page 2 of 5

> **Reorganized Debtor** in the amount of $7,500 per month."

- The Debtor must correct the first sentence of Paragraph III.C of the Disclosure Statement on page 35, to state: "As of the Petition Date, Debtor was involved in one pending lawsuit in which Debtor was a named party."

- The Debtor must delete the following bolded portion of the sentence in Paragraph 2.2.1 on pages 13-14 of the Plan: "The Allowed Claims of this group shall be paid in full before any distribution is made to any other claimant with **an Administrative Claim or** an unsecured claim, in the event that payment on such claims are made in full prior to sixty months following the Petition Date. (As currently stated here, the proposed treatment for claimants with an Administrative Claim is inconsistent with the proposed treatment of claimants with an Administrative Claim in Paragraph 2.1.2 of the Plan on page 12.)

- In Paragraph 4.4 of the Plan on page 20, the Debtor must add the language in bold to the sentence beginning with "Notwithstanding" so that it states: "Notwithstanding any provision of the Bankruptcy Code or Rules, including without limitation, FRBP 2016, **for services rendered** after the Effective Date, no professional shall be required to disclose payments from the Debtor or the Reorganized Debtor to the Bankruptcy Court or the United States Trustee."

Eighth, in Paragraph 4.3 of the Plan on page 20, the Debtor must state what possible Avoidance Actions it has.

Ninth, in Paragraph 3.6.1 of the Plan on page 19, the Debtor states, in relevant part, that Kimberly Hosner will provide new value "in the form of payment of $10,000 or by forgiving outstanding indebtedness of the Debtor to [her]." The Debtor must describe in detail what debt(s) the Debtor owes to Kimberly Hosner. And the Plan must separately classify such debt and provide a stated treatment of such debt.

Tenth, in Paragraph 4.6 of the Plan on pages 21-22, the Debtor uses the term "Preserved Rights" several times, but has not defined this term anywhere in the Plan. The Debtor must define this term in the Plan.

Eleventh, in Paragraph 9.1 of the Plan on page 26, the Debtor must delete "Effective

3

18-55404-tjt    Doc 45    Filed 03/19/19    Entered 03/19/19 16:56:39    Page 3 of 5

Date" and replace it with "case is closed."

Twelfth, the Debtor must amend Paragraph VI.E of the Disclosure Statement on page 41 so that it states, in its entirety:

> If the plan is confirmed by the Court:
>
> 1.  Its terms are binding on the debtor, all creditors, shareholders and other parties in interest, regardless of whether they have accepted the plan.
>
> 2.  Except as provided in the plan and in 11 U.S.C. § 1141(d):
>
>     (a)  In the case of a corporation that is reorganizing and continuing business, as in this case:
>
>         (1)  All claims and interests will be discharged.
>
>         (2)  Creditors and shareholders will be prohibited from asserting their claims against or interests in the debtor or its assets.

Accordingly,

IT IS ORDERED that no later than **March 22, 2019**, the Debtor must file an amended combined plan and disclosure statement that is consistent with this Order.

IT IS FURTHER ORDERED that no later than **March 22, 2019**, the Debtor also must file a redlined version of the amended combined plan and disclosure statement, showing the changes the Debtor has made to the "Debtor's Combined Plan and Disclosure Statement" filed March 14, 2019.

**Signed on March 19, 2019**          /s/ Thomas J. Tucker
_____
Thomas J. Tucker
United States Bankruptcy Judge