UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                          Case No. 18-55404

HOSNER HOLDINGS, INC.,                          Chapter 11

        Debtor.                              Judge Thomas J. Tucker
_____/

**ORDER REQUIRING DEBTOR TO AMEND DISCLOSURE STATEMENT**

On March 22, 2019, the Debtor filed a plan and disclosure statement, in a document entitled "Debtor's 1st Amended Combined Plan and Disclosure Statement" (Docket # 46). The Court cannot yet grant preliminary approval of the disclosure statement contained within this document (the "Disclosure Statement"). The Court notes the following problems, which the Debtor must correct.

First, Paragraph 2.2.1 of the Plan on page 13 states in relevant part: "The first quarterly payment shall be made on the first Business Day of the first calendar month after the Effective Date and monthly thereafter." The Debtor must replace the word "quarterly" with "monthly."

Second, in Paragraph 2.2.3 of the Plan on page 14, the Debtor must state when the payments to the Internal Revenue Service and to the Michigan Department of Treasury will begin, and for how many months the payments will be made.

Third, the treatment of the allowed secured claim of ReMax of Southeast Michigan, Inc. ("ReMax") in Paragraphs 3.2 through 3.2.1, on pages 16-17 of the Plan, is unclear. The Debtor states that the total amount of the ReMax claim is $78,127.29, but that the claim in only partially secured by the franchise license, which is worth approximately $25,000. Paragraph 3.2.1 of the Plan proposes that the claim be "paid in full." Typically, with regard to a secured claim, that

statement would mean that the secured portion of the claim ($25,000) would be paid in full. The Plan would propose either that the deficiency claim would be treated in the class of general unsecured creditor claims or not be paid. Here, however, the Debtor proposes to make monthly payments of $3,759 for 22 months "or until the claim is paid in full." $3,759 times 22 months equals $87,698. It appears from this proposed payment total, which is greater than the total amount of the ReMax claim, that the Debtor is proposing to treat the partially secured claim of ReMax as a wholly secured claim and is paying the claim in full with interest. If this is the case, the Debtor must state this explicitly and must state what rate of interest the Debtor is proposing to pay.

Fourth, the Debtor must amend Paragraph 3.6 on page 19 of the Plan so that it states: "Class Six consists of the unsecured claims of Kimberly Hosner." Current Paragraphs 3.6.1 through 3.6.3 appear to apply to this class.

Fifth, the Debtor must add a separate class (Class Seven) and state: "Class Seven consists of the claims of all equity interest holders. Equity interests are held solely by Kimberly Hosner." The information which is currently found in Paragraphs 4.2 and 4.3 on pages 20-22 of the Plan should be moved to be paragraphs under Class Seven, which describes the treatment for the Class Seven equity interests of Kimberly Hosner.

Sixth, the Debtor must correct the typographical error in Paragraph 4.3.7 on page 22 of the Plan by changing "concusion" to "conclusion."

Seventh, the Debtor must correct the typographical error in Paragraph 4.4 on page 23 of the Plan by changing "it its sole discretion" to "in its sole discretion."

Eighth, the Debtor must amend the Liquidation Analysis attached to the Plan as Exhibit

A, as follows:

- In Paragraph III(c), where the Debtor lists the total amount of pre-petition unsecured priority claims, the Debtor must delete the word "None."

- On the first and second pages, the Debtor must include the $25,000 value of the franchise license in the "Total Forced Sale Value of Assets." Therefore, the Debtor must change the "Total Forced Sale Value of Assets" on pages 1 and 2 of the Liquidation Analysis to $40,379.

Accordingly,

IT IS ORDERED that no later than March 28, 2019, the Debtor must file an amended combined plan and disclosure statement that is consistent with this Order.

IT IS FURTHER ORDERED that no later than March 28, 2019, the Debtor also must file a redlined version of the amended combined plan and disclosure statement, showing the changes the Debtor has made to the "Debtor's 1st Amended Combined Plan and Disclosure Statement" filed March 22, 2019.

**Signed on March 26, 2019**

/s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge